

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIBBY B. TIGHE, individually and on behalf of all others similarly situated,

               Plaintiff,

-against-

PNC BANK, N.A., *et al.*,

               Defendants.

14 Civ. 2107 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

"[T]he 'first-filed' rule . . . presumes that where two lawsuits are 'competing lawsuits,' . . . the later-filed action should be transferred to the distrct where the earlier-filed action is pending." *United States* ex rel. *Cestra v. Cephalon, Inc.*, 10 Civ. 6457, 2014 WL 1087960, at *1 (S.D.N.Y. Mar. 19, 2014) (quoting *N.Y. Marine & Gen. Ins. Co. v LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)).

Plaintiff Libby B. Tighe filed this action on March 25, 2014. (*See* Compl., Dkt. No. 2.) Earlier, on June 4, 2013, Xi Chen Lauren had filed a similar action in the U.S. District Court for the Western District of Pennsylvania. (*See* Complaint, Case No. 13 Civ. 762 (W.D. Pa.), Dkt. No. 1.) That action was subsequently transferred to the U.S. District Court for the Southern District of Ohio (Memorandum Order, Case No. 13 Civ. 762 (W.D. Pa.), Dkt. No. 71), where it is now pending under the caption *Lauren v. PNC Bank, N.A.*, et al., No. 14 Civ. 230 (S.D. Ohio).

All parties to this litigation—*Tighe v. PNC Bank, N.A.*, et al., No. 14 Civ. 2107 (S.D.N.Y.)—agree that this lawsuit and Lauren's lawsuit involve essentially the same parties and issues. (*See* Letter of John L. Scott, May 23, 2014, Dkt. No. 38 ("Scott Letter"), Ex. at 1 (describing the two actions as "involv[ing] several of the same Defendants and the same or similar issues"); Letter of Tyler S. Graden, May 27, 2014, Dkt. No. 39 ("Graden Letter"), Ex. at 1 (describing the two actions as "involving identical or nearly identical parties and issues").) All parties to this litigation also agree

that this lawsuit should be transferred to the Southern District of Ohio. (*See* Scott Letter at 1; Graden Letter at 2.) The parties, however, have not been able to agree on a satisfactory stipulation because they disagree about when a third action was filed. (*See* Scott Letter at 1; Graden Letter at 1.) This question is of no concern to this Court, given that the parties have agreed that this action should be transferred to the Southern District of Ohio, where the Lauren litigation is pending.

Accordingly, it is hereby ORDERED that the Clerk of Court is directed to transfer this action to the U.S. District Court for the Southern District of Ohio.

Dated: New York, New York
       May 27, 2014

SO ORDERED:

Sidney H. Stein, U.S.D.J.